UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARTHUR RANDALL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11963-WBV-KWR** |
| **JERRY DWAYNE, ET AL.** | **SECTION D(4)** |

## ORDER OF DISMISSAL

Before the Court is Defendants Aegis Security Insurance Company, Jerry D. Hall, and Timco Logistics Systems, LLC's Motion to Dismiss for Lack of Prosecution.[1] For the reasons discussed below, the Court DISMISSES WITH PREJUDICE the plaintiffs' claims against the defendants.

I.     Procedural Background

On August 1, 2019, Defendants Aegis Security Insurance Company, Jerry D. Hall, and Timco Logistics Systems, LLC removed this personal injury lawsuit, previously filed in Civil District Court for the Parish of Orleans, to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. The plaintiffs in this action participated, through counsel, in a Scheduling Conference on December 12, 2019,[2] and thereafter, a status conference the Court held on March 13, 2020.[3] Thereafter, the plaintiffs' counsel

---

[1] R. Doc. 29.
[2] R. Doc. 7.
[3] R. Doc. 11.

moved to withdraw from the action.[4] The Court granted the motion to withdraw on April 3, 2020, in accordance with the Local Rules and ordered the plaintiffs to move to enroll new counsel within thirty (30) days or advise the Court in writing that they will proceed *pro se* within thirty (30) days.[5] The plaintiffs did not comply with the Order or respond in any manner.

On May 20, 2020, the Court scheduled a telephone status conference for June 3, 2020. The Court sent notice of the Order setting the telephone status conference to the plaintiffs by way of first class and certified mail.[6] The record shows that Plaintiffs Ashley Randall, Toccara Jones, and Arthur Randall received the Order on May 23, 2020.[7] Plaintiffs Ashley Randall, Toccara Jones, Larry Ramee, and Arthur Randall all failed to communicate to the Court or to participate in the telephone status conference. The Minute Entry for the June 3, 2020 Status Conference notes that the plaintiffs failed to participate and had previously failed to comply with the April 3, 2020 Order, requiring the plaintiffs to enroll new counsel within thirty (30) days or advise the Court in writing that they will proceed *pro se* within thirty (30) days.[8] In an effort to give the plaintiffs further time to communicate with the Court, the Court then ordered on June 3, 2020, that the plaintiffs to show cause in writing why the case should not be dismissed for failure to prosecute and further state whether the plaintiffs are proceeding *pro se* or have retained counsel.[9] The Court gave the named

---

[4] R. Doc. 13.
[5] R. Doc. 15.
[6] R. Doc. 16. *See* R. Doc. 16-1 for Certified Mail Receipt.
[7] R. Docs. 23, 23-1, 28.
[8] R. Doc. 17.
[9] *Id.*

plaintiffs until Monday, July 6, 2020, an additional month, to communicate with the Court.[10] The Court further ordered that the defendants may move for dismissal for failure to prosecute if the plaintiffs fail to comply with the Order.[11] The plaintiffs did not comply with the Order and none of the four named plaintiffs have communicated to the Court as of the date of this Order. On July 7, 2020, the defendants moved to dismiss the action with prejudice for failure to prosecute, with each party to bear its own costs.

II.     Analysis

Federal Rule of Civil Procedure 41(b) provides, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) authorizes a district court to "dismiss an action sua sponte . . . for failure to comply with a court order."[12]

Before an action can be dismissed with prejudice under Rule 41(b), three factors must be present:[13] (1) there is a clear record of delay or contumacious conduct by the plaintiff; (2) lesser sanctions would not serve the best interests of justice; (3) the Court finds that (a) delay was caused by the plaintiff, as opposed to her attorney, (b) the defendant suffered actual prejudice, or (c) the delay was caused by intentional conduct.[14] The third factor is considered an aggravating factor. Dismissal with

---

[10] *Id.*
[11] *Id.*
[12] *Springboards to Education, Inc. v. Kipp Foundation*, 325 F. Supp. 3d 704, 710 (N.D. Tex. 2018) (internal citation omitted).
[13] *Id.*
[14] *Id.*

prejudice is appropriate only in "cases where the plaintiff's conduct has threatened the integrity of the judicial process, . . . leaving the court no choice but to deny that plaintiff its benefits."[15]

The first factor is met when there are significant periods of total inactivity that persist for longer than just a few months.[16] A clear record of contumacious conduct exists when the plaintiff has deliberately exhibited a "stubborn resistance to authority."[17] The plaintiffs in this action participated, through counsel, in a status conference the Court held on March 13, 2020.[18] On March 31, 2020, the plaintiffs' counsel moved to withdraw from the action.[19] In that Motion, counsel advised that they had personally met with the plaintiffs and advised each of the upcoming court dates. The Court granted the motion to withdraw in accordance with the Local Rules and ordered the plaintiffs to move to enroll new counsel within thirty (30) days or advise the Court in writing that they will proceed *pro se* within thirty (30) days.[20] The plaintiffs did not comply with the Order, nor did the plaintiffs respond at all to the Court's Order.

On May 20, 2020, the Court scheduled a telephone status conference for June 3, 2020. The Court sent notice of the Order setting the telephone status conference to

---

[15] *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).
[16] *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir. 2008); *see also Rogers*, 669 F.2d at 321.
[17] *Id.*
[18] R. Doc. 11.
[19] R. Doc. 13.
[20] R. Doc. 15.

the plaintiffs by way of first class and certified mail.[21] The record shows that Plaintiffs Ashley Randall, Toccara Jones, and Arthur Randall received the Order on May 23, 2020.[22] The Minute Entry for the June 3, 2020 Status Conference notes that the plaintiffs failed to participate and had previously failed to comply with the April 3, 2020 Order, requiring the plaintiffs to enroll new counsel within thirty (30) days or advise the Court in writing that they will proceed *pro se* within thirty (30) days.[23]

The Minute Entry further ordered the plaintiffs to show cause in writing why the case should not be dismissed for failure to prosecute and further state whether the plaintiffs are proceeding *pro se* or have retained counsel.[24] The Court ordered that it must receive written notice regarding the plaintiffs' representation on or before Monday, July 6, 2020.[25] The Court further noted that the defendants may move for dismissal for failure to prosecute if the plaintiffs fail to comply with the Order.[26] The plaintiffs did not comply with the Order and, further, as of the date of this Order, and having given the plaintiffs more than three months to communicate to the Court, each plaintiff has failed to communicate in any manner with the Court. On July 7, 2020, the defendants moved to dismiss the action with prejudice for failure to prosecute, with each party to bear its own costs.[27] Because of these events, the Court

---

[21] R. Doc. 16. *See* R. Doc. 16-1 for Certified Mail Receipt.
[22] R. Docs. 23, 23-1, 28.
[23] R. Doc. 17.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] R. Doc. 29.

finds that the first factor is met: there is a clear record of delay or contumacious conduct by the plaintiffs.

Regarding the second factor, the Court explicitly finds that sanctions less than dismissal would be futile. The Court has provided plaintiffs more than three months, with continued notices, to advise the Court if they wish to proceed with this matter. No response has been received by any plaintiff. The Court finds that any other sanctions would be futile and would only further delay this matter and not serve the interests of justice. As to the third factor, the Court declines to find that the defendants have suffered actual prejudice or the nature of the intent of the delay, but the Court finds the delay was entirely caused by the plaintiffs. For these reasons, the Court finds that all three factors are met, and the case should be dismissed with prejudice.

Accordingly,

IT IS HEREBY ORDERED that Defendants Aegis Security Insurance Company, Jerry D. Hall, and Timco Logistics Systems, LLC's Motion to Dismiss for Lack of Prosecution[28] is GRANTED. A Final Judgment will follow.

New Orleans, Louisiana, this the 17th day of July, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 29.